# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERLINDO RODRIGUEZ, JR. | Case No.: 1:21-cv-00409-SAB (PC) |
| Plaintiff, | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION |
| v. | |
| D. CASTILLO, | FINDINGS AND RECOMMENDATIONS RECOMMENDING ACTION BE DISMISSED FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF |
| Defendant. | |
| | (ECF No. 9) |

Plaintiff Erlindo Rodriguez, Jr. is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's first amended complaint, filed on June 24, 2021.

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor.  Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## SUMMARY OF ALLEGATIONS

On August 28, 2020, at 9:20 a.m., while Plaintiff was in the chapel, he was sexually assaulted in a manner to humiliate him without a legitimate penological interest, by officer D. Castillo.  Plaintiff was approached by Castillo and told to strip down.  After giving Castillo his clothing to search, he was told to get naked in the chapel hallway.  There was no reason for Castillo to believe that he had any contraband.  Since Plaintiff did not want to get naked because he felt embarrassed and it was not appropriate to undress in front of other people who were practicing religion faith.  Castillo got upset and lunged towards Plaintiff and grabbed the waistband of his underwear and yanked them off until they ripped off exposing Plaintiff's genitals.  Plaintiff yelled "this is sexual assault."  As Plaintiff tried to guard his private parts from everyone, Castillo looked him over and told him "now get dressed and get the fuck out here[.]"  After Plaintiff filed a grievance and was told by the Mexican Mafia that he would get stabbed if he proceeded with the complaint.  When Plaintiff came back from court on March 2, 2020, he did not want to go back to general population due to his distress and mental illness from

the incident. Plaintiff filed a second appeal to the Chief of Appeals and he received a late response. Plaintiff has an affidavit of the incident by inmate witness Lawrence Kennedy.

Sexual harassment or abuse of an inmate by a prison official is a violation of the Eighth Amendment. Wood v. Beauclair, 692 F.3d 1041, 1046, 1051 (9th Cir. 2012) (citing Schwenk v. Hartford, 204 F.3d 1187, 1197 (9th Cir. 2000)). In evaluating such a claim, "courts consider whether 'the official act[ed] with a sufficiently culpable state of mind' "—the subjective component—"and if the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation"—the objective component. Wood, 692 F.3d at 1046 (alteration in original) (quoting Hudson v. McMillian, 503 U.S. 1, 8 (1992)).

As recently stated by the Ninth Circuit, "sexual assault serves no valid penological purpose...where an inmate can prove that a prison guard committed a sexual assault, we presume the guard acted maliciously and sadistically for the very purpose of causing harm, and the subjective component of the Eighth Amendment claim is satisfied." Bearchild v. Cobban, 947 F.3d 1130, 1144 (9th Cir. 2020) (citing Wood, 692 F.3d at 1050; Schwenk, 204 F.3d at 1196 n.6). "Any sexual assault is objectively 'repugnant to the conscience of mankind' and therefore not de minimis for Eighth Amendment purposes." Bearchild, 947 F.3d at 1144 (quoting Hudson, 503 U.S. at 10).

A viable sexual assault claim is established if the inmate can prove that a prison staff member, acting under color of law and without legitimate penological justification, touched the prisoner in a sexual manner or otherwise engaged in sexual conduct for the staff member's own sexual gratification, or for the purpose of humiliating, degrading, or demeaning the prisoner. Bearchild, 947 F.3d at 1144.

That said, the protections of the Eighth Amendment do not extend to all forms of sexual harassment. Allegations of sexual harassment that do not involve touching have routinely been found 'not sufficiently serious' to sustain an Eighth Amendment claim. Austin v. Terhune, 367 F.3d 1167, 1172 (9th Cir. 2004) (upholding dismissal of claim premised on allegations that correctional officer unzipped his pants and exposed his penis to an inmate from inside control booth); accord Somers v. Thurman, 109 F.3d at 624 ("To hold that gawking, pointing, and joking violates the prohibition against cruel and unusual punishment would trivialize the objective component of the Eighth Amendment test and render it absurd."). Verbal harassment may violate the Constitution when it is

"unusually gross even for a prison setting and [is] calculated to and [does] cause [plaintiff] psychological damage." Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996), amended by 135 F.3d 1318 (9th Cir. 1998); Patrick v. Hernandez, 2018 WL 5095130, at *2 (E.D. Cal. Oct. 17, 2018) (denying cognizable claim where defendants gawked at plaintiff in a manner that suggested they wanted him to expose himself.); Bearchild, 947 F.3d at 1144 ("[T]here are occasions when legitimate penological objectives within a prison setting require invasive searches."); Grummet v. Rushen, 779 F.2d 491, 495 (9th Cir. 1985) ("[R]outine pat-down searches, which include the groin area, and which are otherwise justified by security needs, do not violate" the Constitution).

Here, Plaintiff has not alleged he was sexually assaulted. In order to state a viable claim, Plaintiff must allege that there were no legitimate penological objective for the strip search. Plaintiff alleges only that officer Castillo ordered him to strip and ribbed off his underwear in the chapel hallway. (First Am. Compl. at 3.) Then, officer Castillo looked Plaintiff over and ordered him to get dressed. (Id.) Taking Plaintiff's allegations as true and liberally construing them in Plaintiff's favor, the allegations do not demonstrate that the conduct at issue exceeded the scope of what was required to satisfy whatever institutional concern justified the initiation of the pat searches. Indeed, there are no allegations that officer Castillo touched Plaintiff in any manner, made sexual comments to Plaintiff, or conducted the search in a manner to humiliate, degrade, or demean Plaintiff. Rather, the contraband search appears to have been conducted for entrance to and/or from the chapel. There is certainly a penological interest in a visual search with minimal touching for contraband, and Plaintiff has not alleged facts that the exceeded appropriate penological bounds. See Bearchild, 947 F.3d at 1144–45; Grummet, 779 F.2d at 495. The allegations contained in the first amended complaint were not "unusually gross" nor do they appear calculated to cause plaintiff psychological damage. Accordingly, even though Plaintiff has concluded that he suffered emotion damage as a result, he has not stated facts sufficient to show that he suffered sexual abuse sufficient to rise to the level of an Eighth Amendment violation. Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure this deficiency.

///

///

### IV.

### CONCLUSION AND RECOMMENDATIONS

For the reasons set forth above, the Court finds that Plaintiff fails to state a cognizable claim for relief, and the action should be dismissed without further leave to amend. In the Court's prior screening order, the Court provided Plaintiff with relevant legal standards and provided Plaintiff with an opportunity to amend his complaint. Plaintiff filed his first amended complaint with the benefit of the Court's screening order, but nevertheless failed to allege facts that support a section 1983 claim. Thus, it appears that further leave to amend would be futile. Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995).

Accordingly, it is ORDERED that the Clerk of Court randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that:

1. The instant action be dismissed for failure to state a cognizable claim for relief; and
2. The Clerk of Court be directed to terminate this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 27, 2021**

UNITED STATES MAGISTRATE JUDGE